# EXHIBIT "A1"

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0133 4531

**Return Receipt (Electronic)**

2021331271-1

Three Way Logistics Inc
Registered Agent Michael Bonino
42505 Christy St.
Fremont, CA 94538

---

CUT / FOLD HERE

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
Dial 7-1-1 For Relay Services
www.sos.texas.gov

Jose A. Esparza
Deputy Secretary of State

August 26, 2021

Three Way Logistics Inc
Registered Agent Michael Bonino
42505 Christy St.
Fremont, CA 94538

2021-331271-1

**Include reference number in all correspondence**

RE: David Favila, et al VS Three Way Logistics, Inc.
353rd Judicial District Court Of Travis County, Texas
Cause No. D1GN21003422

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of the process received by the Secretary of State of the State of Texas on August 20, 2021.

CERTIFIED MAIL #71901046470101334531

Refer correspondence to:

Guilherme G. Vasconcelos
DC Law, PLLC
1012 W. Anderson Ln
Austin, TX 78757

Sincerely,

Service of Process
Government Filings
512-463-1662
GF/wj
Enclosure

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-21-003422**

DAVID FAVILA, INDIVIDUALLY AND AS NEXT FRIEND OF D.F., A MINOR,

, Plaintiff

vs.
THREE WAY LOGISTICS, INC

, Defendant

TO:   THREE WAY LOGISTICS INC
      BY SERVING ITS REGISTERED AGENT MICHAEL BONINO
      42505 CHRISTY ST
      FREMONT, CALIFORNIA 94538

      BY SERVING THROUGH THE SECRETARY OF STATE,
      RUTH R. HUGHS, OR HER AGENT/SUCCESSOR
      1019 BRAZOS STREET,
      AUSTIN, TEXAS 78701

RECEIVED
SECRETARY OF STATE
AUG 20 2021
Service of Process

Defendant, in the above styled and numbered cause:
YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JULY 22,2021 , in the 353RD JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.
ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, July 26, 2021.

REQUESTED BY:
GUILHERME GUIMARAES VASCONCELOS
1012 W ANDERSON LANE
AUSTIN, TX 78757
BUSINESS PHONE:(512)220-1800   FAX:(512)220-1801

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: VICTORIA BENAVIDES

-- - -- - -- - -- - -- - -- - -- RETURN -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____ M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By:_____

Printed Name of Server

_____ County, Texas

D-1-GN-21-003422              SERVICE FEE NOT PAID                 P12 - 000002409

331271

THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
A Non-Profit Corporation

---

# IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.com

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.com

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

7/22/2021 5:17 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-003422
Victoria Benavides

CAUSE NO. __D-1-GN-21-003422__

| | | |
|---|---|---|
| DAVID FAVILA, INDIVIDUALLY AND AS NEXT FRIEND OF D.F., A MINOR, | § § § § | IN THE DISTRICT COURT |
| PLAINTIFF, | § § | |
| v. | § § | __353RD__ JUDICIAL DISTRICT |
| THREE WAY LOGISTICS, INC., | § § | |
| DEFENDANT. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES David Favila, Individually and as Next Friend of D.F, a minor ("Plaintiff"), complaining of Three Way Logistics, Inc. ("Defendant"), and for cause of action would respectfully show the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.00   Plaintiff desires that discovery be conducted under Discovery Level 3 pursuant to Tex. R. Civ. P. 190.4. Plaintiff will attempt to enter into an agreed discovery control plan with Defendant. However, failing an agreement on the issues, Plaintiff requests that the Court enter an appropriate discovery control plan tailored to the specific facts and circumstances of this lawsuit.

## II.
## STATUS OF PARTIES AND SERVICE

2.00   Plaintiff is an individual who at all times relevant to this action resided in Travis County, Texas. Plaintiff's Texas driver's license number is XXXXX768, and his Social Security Number is XXX-XX-X495.

2.01    Defendant Three Way Logistics, Inc. is a foreign corporation organized under the laws of the State of California, with its principal place of business in the State of California and doing business in the State of Texas. Defendant Three Way Logistics, Inc. may be served with process by serving its registered agent, Michael Bonino, via private process server at 42505 Christy Street, Fremont, California, 94538.

## III.
## JURISDICTION AND VENUE

3.00    This Court has jurisdiction pursuant to Article V, Section 8 of the Texas Constitution and Section 24.007 of the Texas Government Code.

3.01    Jurisdiction and Venue are proper in Travis County, Texas, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1), in that Travis County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV.
## BACKGROUND

4.00    On September 22, 2020, at approximately 10:00 a.m. CT, Plaintiff was driving his 2017 Jeep Wrangler Sahara on Lakes Boulevard in Austin, Travis County, Texas.

4.01    D.F., a minor, was a restrained passenger in Plaintiff's vehicle in all times relevant to the issue at hand.

4.02    At the same time, Defendant's employee was driving an Eagle semi-trailer truck owned by Defendant on Lakes Boulevard in Austin, Travis County, Texas.

4.03    Plaintiff stopped at a red light at the intersection of Lakes Boulevard and Howard Lane.

4.04    Suddenly and without warning, Defendant collided with Plaintiff's vehicle, hitting Plaintiff and D.F., a minor from behind.

4.05    As a result of the collision at issue, Plaintiff and D.F., a minor suffered severe bodily injuries as a reflected in medical records from health care providers that have treated his injuries since the collision. As a further result of the nature and consequences of their injuries, Plaintiff and D.F., a minor have suffered and will likely continue to suffer physical pain and mental anguish into the future.

V.
**COUNT 1: NEGLIGENCE AGAINST THREE WAY LOGISTICS, INC'S EMPLOYEE**

5.00    Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

5.01    Defendant's employee was operating a motor vehicle and therefore owed a legal duty to use ordinary care to avoid causing harm to Plaintiff and D.F., a minor.

5.02    Defendant's employee breached his duty in one or more of the following respects:

  a. Failing to control his vehicle speed;

  b. Failing to obey a traffic control device;

  c. Failing to maintain a safe distance;

  d. Failing to yield the right of way;

  e. Failing to keep a proper lookout;

  f. Failing to timely apply the brakes to avoid the collision;

  g. Failing to sound the horn to warn Plaintiff;

  h. Failing to take proper evasive actions to avoid the collision; and

  i. Failing to act as a reasonable person of ordinary prudence under the same or similar circumstances.

5.03   Each of the aforementioned acts or omissions, taken singularly or in any combination, directly and proximately caused Plaintiff and D.F., a minor's damages.

## VI.
## COUNT 2: NEGLIGENCE *PER SE* AGAINST THREE WAY LOGISTICS, INC.'S EMPLOYEE

6.00   Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

6.01   Defendant's employee's negligent conduct, which was committed without excuse or justification, violated one or more of the following statutes:

   a. Section 544.004 of the Texas Transportation Code (Compliance with Traffic-Control Device);

   b. Section 544.007 of the Texas Transportation Code (Traffic-Control Signals in General);

   c. Section 545.062 of the Texas Transportation Code (Following Distance);

   d. Section 545.151 of the Texas Transportation Code (Vehicle Approaching or Entering Intersection);

   e. Section 545.351 of the Texas Transportation Code (Maximum Speed Requirement); and

   f. Section 545.401 of the Texas Transportation Code (Reckless Driving).

6.02   Plaintiff was a motorist and was therefore within the class of persons that these statutes were intended to protect.

6.03   D.F., a minor was a passenger and was therefore within the class of persons that these statutes were intended to protect.

6.04   Plaintiff and D.F., a minor suffered bodily injuries, which these statutes were designed to prevent.

6.05   Each of the aforementioned acts or omissions directly and proximately caused Plaintiff and D.F., a minor's damages.

## VII.
## COUNT 3: VICARIOUS LIABILITY

7.00   Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

7.01   At all times relevant and material to this lawsuit, the at fault driver who collided with Plaintiff's vehicle was acting in the course and scope of his employment with Defendant Three Way Logistics, Inc.

7.02   Additionally, the at fault driver who collided with Plaintiff's vehicle was a statutory employee of Defendant Three Way Logistics, Inc. pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 CFR § 390.5.

7.03   According to the doctrine of *respondeat superior*, any liability found against Defendant's employee should be imputed jointly and severally to Defendant Three Way Logistics, Inc.

## VIII.
## COUNT 4: NEGLIGENT ENTRUSTMENT

8.00   Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiff hereby adopts the allegations made in all preceding paragraphs of this Original Petition as if fully set forth herein.

8.01   In addition to Defendant being liable under the doctrine of *respondeat superior*, Defendant was also independently negligent in one or more of the following respects:

   a. Negligent hiring and/or retention of the at fault driver who collided with Plaintiff's vehicle;

   b. Negligent entrustment;

   c. Negligent training and safety implementation; and

    d. Failing to supervise the at fault driver who collided with Plaintiff's vehicle's on-duty activities.

8.02    Defendant was independently negligent by entrusting the subject automobile to the at fault driver who collided with Plaintiff's vehicle, when it knew or should have known that the at fault driver who collided with Plaintiff's vehicle was an incompetent or reckless driver. Moreover, since Defendant was the employer of the at fault driver who collided with Plaintiff's vehicle, Defendant had a duty and obligation to investigate and inquire about the at fault driver who collided with Plaintiff's vehicle's ability to drive and driving record before entrusting the subject automobile to the at fault driver who collided with Plaintiff's vehicle.

8.03    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff and D.F., a minor.

## IX.
## DAMAGES

9.00    As a producing, direct, and proximate result of Defendant's negligent conduct, Plaintiff suffered the following damages:

    a. Past and future medical expenses;

    b. Past and future lost wages;

    c. Past and future loss of earning capacity;

    d. Past and future disfigurement;

    e. Past and future physical impairment;

    f. Past and future physical pain and suffering; and

    g. Past and future mental anguish.

8.01   As a producing, direct, and proximate result of Defendant's negligent conduct, D.F., a minor suffered the following damages:

   a. Future medical expenses;
   b. Past and future pain and suffering; and
   c. Past and future mental anguish.

8.02   The damages sought by Plaintiff are within the jurisdictional limits of this Court.

8.02   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff and D.F., a minor seek monetary relief of $250,000.00 or less., excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

## IX.
## CONDITIONS PRECEDENT

9.00   All conditions precedent to the institution of this lawsuit have been performed or have occurred.

## X.
## NOTICE OF INTENT TO USE PRODUCED DOCUMENTS

10.00   Plaintiff intends to use all documents produced by Defendant in response to written discovery in pretrial proceedings and at trial.

## XI.
## REQUEST FOR NOTICE OF INTENT
## TO USE EVIDENCE OF CRIMINAL CONVICTIONS

11.00   Plaintiff requests that, within ninety days before the end of the discovery period, Defendant provide written notice of a criminal conviction, if any, against Plaintiff or against any of Plaintiff's testifying experts.

## XIII.
## DESIGNATED E-SERVICE EMAIL ADDRESS

13.00  The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: guilherme@texasjustice.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIV.
## PRAYER FOR RELIEF

14.00  **WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendant be cited to appear and answer, and on final trial hereafter, Plaintiff has judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, for compensatory damages, and for such other and further relief, in law and in equity, to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

Guilherme Vasconcelos
SBN: 24105728
Guilherme@texasjustice.com
**DC LAW, PLLC**
1012 W. Anderson Lane
Austin, Texas 78757
Phone: 512-220-1800
Fax: (512) 220-1801
*Attorney for Plaintiff*

8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Madisen Lange on behalf of Guilherme Vasconcelos
Bar No. 24105728
mlange@texasjustice.com
Envelope ID: 55624686
Status as of 7/26/2021 10:58 AM CST

Associated Case Party: David Favila

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Guilherme Vasconcelos | | guilherme@texasjustice.com | 7/22/2021 5:17:52 PM | SENT |
| Arman Miri | | arman@texasjustice.com | 7/22/2021 5:17:52 PM | SENT |
| Madisen Lange | | mlange@texasjustice.com | 7/22/2021 5:17:52 PM | SENT |